```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

WALESKA GONZALEZ,              :
                               :
    Petitioner,                :
                               :
V.                             :          PRISONER
                               :   CASE NO. 3:08-CV-1561(RNC)
DONNA ZICKEFOOSE,[1]           :
                               :
    Respondent.                :


RULING AND ORDER

Petitioner, an inmate at FCI Danbury, initiated this action by moving pro se in the Southern District of New York for a reduction in her federal sentence claiming that time she spent in state custody should be credited against her sentence.  The motion was construed as a habeas petition under 28 U.S.C. § 2241 and transferred here.  Respondent has moved to dismiss based on petitioner's failure to exhaust administrative remedies.  Petitioner has not responded to the motion.  For the reasons that follow, the motion is granted.

Federal inmates must exhaust administrative remedies before seeking relief under § 2241.  See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).[2]  The exhaustion

---

[1] Donna Zickefoose, the Warden at FCI Danbury, has been substituted as the respondent pursuant to Rule 25(d), Fed. R. Civ. P.

[2] The administrative process provided to federal inmates by the Bureau of Prisons ("BOP") consists of four steps: informal resolution with staff, 28 C.F.R. § 542.13(a); a written administrative remedy request to the Warden submitted within

requirement's purposes include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003). Failure to exhaust administrative remedies results in a procedural default, which bars judicial review of a claim unless the inmate persuades the Court that the failure to exhaust should be excused. See Carmona, 243 F.3d at 634.

    Here, the motion to dismiss is supported by an affidavit stating that a check of BOP's records reveals no administrative remedy requests submitted by the petitioner. See Decl. Of Forest B. Kelly, ¶ 24 & Resp. Ex. K. In the absence of a response from the petitioner, I credit the affidavit and conclude that the action must be dismissed in light of petitioner's unexplained failure to exhaust administrative remedies.

    Accordingly, the motion to dismiss [doc. #14] is hereby granted. Reasonable jurists would have to agree that petitioner has failed to exhaust administrative remedies, so a certificate

---

twenty calendar days of the event underlying the request, 28 C.F.R. § 542.14(a); an appeal to the Regional Director of the BOP within twenty calendar days of the denial of relief by the Warden, 28 C.F.R. § 542.15(a); and an appeal to the General Counsel's Office within thirty calendar days of the denial of relief by the Regional Director. Id. The time limits at any level of review may be extended for a valid reason. 28 C.F.R. §§ 542.14(b), 542.15(a).

of appealability will not issue.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The Clerk may enter judgment and close this case.

    So ordered this 2d day of April 2009.

                                             /s/ RNC
                                    Robert N. Chatigny
                          United States District Judge